RECEIVED

MAR 14 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENNIE K. ELLISON
PRO-SE, PLAINTIFF

V.

THE UNITED STATES JUDICIAL EXEC.& ADM, OPERATIONS
OF THE DISTRICT COURT

JUDGE, MATTHEW F. KENNELLY
MAGISTRATE JUDGE, JEFFERY COLE
MAGISTRATE JUDGE, DENLOW

DEFENDANTS

11 C 1764
Judge Blanche M. Manning
Magistrate Judge Sidney I. Schenkier

## COMPLAINT, RULE 18

THIS IS A CIVIL CLAIM FOR ENFORCING SECURED AND PROTECTED CONSTITUTIONAL PROVISIONS OF FEDERAL AND STATE LAWS COVER UP SCHEME IN THE DISTRICT COURT, RESTATEMENT (SECOND) OF TORTS § 8A (1985), CONSPIRACY CONNECTIONS DEFRAUDING THE UNITED STATES AND PUBLIC, ACTING UNDER THE JUDICIAL DUTIES OF THE UNITED STATES COLOR OF FEDERAL LAW FOR BRIBERY, ASSAULTS, KIDNAPPING, ALTERING OFFICIAL RECORDS, FALSE IMPRISONMENT, WRONGFUL CONVICTION, MALICIOUS PERSECUTION, UNLAWFUL ARREST, FAILING TO COMPLY TO PRE-TRIAL ORDERS, TO PREVENT INJURIES, TO ENFORCE AND TO CORRECT, IN AIDING AND PARTICIPATING IN DEPRIVATION OF U.S. CONST. AMEND 1,4, 5,6,8 & 14 EQUAL PROTECTION AND DUE PROCESS IN CASES No. 09 CV 5438, 10 CV 2088, 10 CV 5772, 10 CV 7775 AND 11 CV 0103, VIOLATIONS OF CIVIL RIGHTS ACTS OF 1866,1871 AUTHORIZED BY 18 USCS APPX. §§ 2H.1, 2H.2, 18 USC §§§§§§§§ 2, 13, 51, 241, 242, 371, 401, 402 AND 3651, FED. R. CIV. PROCEDURES, RULE 18, RACIAL DISCRIMINATION, PREJUDICE & BIAS

(8.)

28 USC § 2254 (a), FED PROC. L. Ed CIVIL RIGHTS §§ 11:110, 1026, 1028 - 1033, 1048, FED PROC. L. Ed EDIVENCE §§ 33:209, 33:389, 137 L. Ed 2d 1091, FED PROC. FRAUD § 85.03, 42 USC §§§§§ 81, 83, 85, 86 & 88 ATTORNEY FEES AWARD. WHICH THE COURT HAS JURISDICTION UNDER 28 USC § 1331 AND 1343 (a)(3), 28 USC § 1391 (b)(2) BECAUSE ITS WHERE THE EVENTS GIVING RISES TO THIS CLAIM OCCURED, IN SUCH PROCEEDINGS DEFINED BY 28 USC § 451, 2403 (a)(b) REQUEST OF INVESTIGATION BY PATRICK FITZGERALD, ATTORNEY GENERAL, LISA MADIGAN AND GOVERNOR PAT QUINN. WHERE THE PLAINTIFF SEEKS APPOINTMENT OF COUNSEL, CRIMINAL JUSTICE ACT OF 1964, 18 USC § 3006A). RELIEF SOUGHT IN BOTH JUDICIAL AND INDIVIDUAL, COMPENSATORY IN AMOUNT $22,000,000 AND PUNITIVE DAMAGES IN AMOUNT $3,000,000 : ORDERS OF PROTECTION, INJUNCTION RELIEF FROM DEFENDANTS RULING AND IMPOSING ANY SANCTIONS IN THE PLAINTIFF'S CLAIMS OF PRESENT AND FUTURE OR ANY COUNTER SUITS, FED. R. CIV. PROC, RULE 18

WHERE JUDGE KENNELLY AND MAGISTRATE JUDGE COLE HAS DEPRIVED THE PLAINTIFF, BENNIE K. ELLISON OF HIS CONSTITUTIONAL RIGHTS TO RECOVER PRETRIAL GRANTED RELIEF ORDER DATED DECEMBER 31, 2009, BUT ALTERING CIVIL DOCKET NO. 31 TO GRANTME TO PAY FILING FEES. AND THROUGHOUT CASE NO. 09 CV 5438 THE DEFENDANTS JUDGE KENNELLY AND MAGISTRATE JUDGE COLE GROSS NEGLIGENCE, DEFRAUDING THE UNITED STATES AND PUBLIC AND THE PLAINTIFF OF DUE PROCESS BY FEDERAL RULES AND CIVIL PROCEDURES AND FAILURE TO COMPLY TO ORDERS OF PRETRIAL, WHICH THE COURT OF APPEALS MADE APPRISAL OF MATERIAL OF FACTS AND EVIDENCE OF THE PLAINTIFF'S CLAIM IN CASE NO. 09 CV 5438/09-4042 AND GRANTED RELIEF DECEMBER 31, 2009, PAYMENT OF FILING FEE DATED JANUARY 26, 2010 BEFORE DEADLINE AND MATERIAL OF FACTS AND EVIDENCE DATED FEBRUARY 3, 2010. WHICH JUDGE KENNELLY AND MAGISTRATE JUDGE COLE AFTER LEARNING OF THE PLAINTIFF DELIBERATE INDIFFERENCE OF DENIED MEDICAL TREATMENT IN THE CASE NO. 09 CV 5438, THE COOK COUNTY SHERIFF NON-COMPLIANCE TO 11 COURT ORDERS IN NUMBER, DEPRIVATION OF THE PLAINTIFF'S CONSTITUTION RIGHTS OF BEING FREE FROM OFFICERS AND OFFICIALS EXCESSIVE FORCE USAGE, 3 ASSAULTED INCIDENTS OF

SERIOUS BODILY HARM, DAMAGE and INJURIES, DENIED TREATMENT, VIDEO STRIP SEARCHING THE PLAINTIFF WHERE GRIEVANCES SUPPORT THE PLAINTIFF'S CLAIM; FAILING TO SUMMON THE COOK COUNTY SHERIFF DEFENDANTS AS REQUIRED BY F.R.C.P. 12(b) IN CASE NO. 09CV5438; THE DE-FENDANTS FAILURE TO PERFORM JUDICIAL DUTIES BY FEDERAL AND STATE CONSTITUTIONAL PRO-VISIONS OF THE UNITED STATES SUPREME COURT. ERRONEOUSLY AND MALICIOUSLY AIDING AND PARTICIPATING WITH THE COOK COUNTY SHERIFF AND EXEC. ADM. OF OPERATION OF THE COOK COUNTY CLERK OF CIRCUIT COURT AFTER LEARNING AND HAVING THE KNOWLEDGE OF DEPRIVATION OF THE PRO-SE, PLAINTIFF'S SUBSTANTIVE GUARANTEED CONSTITUTIONAL RIGHTS. WHERE THE SAME DEFENDANTS JUDGE MATTHEW F. KENNELLY AND MAGISTRATE JUDGE COLE ARE PRESIDING IN A PROPOSED SETTLEMENT OF A CLASS ACTION ENTITLED YOUNG V. COOK COUNTY et al NO. O6CV552 OF $55 MILLION PAYMENT OF APPRX. 300,000 PRE-TRIAL DETAINEE WHICH DO NOT ADD UP IF INITIAL PAYMENT OF EACH PERSON IS BETWEEN $500 AND $1000 FROM THE $55 MILLION FUND. AND THE PERSONS REPRESENTED BY LOEVY & LOEVY WHO IN AUGUST 2010 THE SAME LAW FIRM OUT OF THE BLUE TENDERED THE PLAINTIFF AN EXONERATION PROJECT PACKAGE AFTER REVIEWING THE PLAINTIFF'S CASE NO. 09CR6863 OF WRONGFUL CONVICTION, & IMPRISONMENT, ALTERED OFFICIAL RECORDS, UNLAWFUL ARREST AND CONSPIRACY OF DUE PROCESS VIOLATIONS BUT MYSTERIOUSLY DECLINED REPRESENTATION FOR THE PRO-SE, PLAINTIFF THAT WOULD HAVE SHOWN HIS RIGHTS TO BE FREE AND NOT RESTRICTED BY THE DISTRICT COURT JUDGE KENNELLY, MAGISTRATE JUDGE COLE AND THE ADM AND EXEC OF COOK COUNTY OPERATION AND CLERK OF CIRCUIT COURT WHICH INVOLVED NUMEROUS OF PARTICIPATES INCLUDING THE DEFENDANTS OF NUMEROUS VIOLATIONS OF FEDERAL & STATE LAWS AND FEDERAL RULES AND CIVIL PROCEDURES IN CASE No. 09CV5438/ 09-4042. BUT JUDGE KENNELLY, MAGISTRATE JUDGE COLE AND MAGISTRATE JUDGE DENLOW MALICIOUS, CRUEL DECEPTION AND DEFRAUDING THE UNITED STATES, PUBLIC AND PLAINTIFF DO NOT STOP! IN CASE No. 10CV2088 WHERE THE MATERIAL OF FACTS AND EVIDENCE SUPPORT THE PLAINTIFF'S CLAIM OF EXCESSIVE FORCE, ASSAULT BY COOK COUNTY SHERIFF OFFICER'S WHO DISLOCATED THE PLAINTIFF RIGHT SHOULDER, NO! MEDICAL TREATMENT, LIBERTY INTEREST VIOLATIONS OF ACCESS TO

"COURTS, CONFISCATION OF LEGAL MATERIAL AND LEGAL PROPERTY OF THE PLAINTIFF'S AND RE-
TURNING 2 WEEKS LATER. WHERE JUDGE KENNELLY AND MAGISTRATE JUDGE DENLOW AIDING, CON-
DONING AND PARTICIPATING OF DEPRIVING THE PLAINTIFF ENTITLED RIGHTS TO ENTER AN ORDER
OF DEFAULT AGAINST THE DEFENDANTS LOMBARDI AND HOVEL WHO DUE DATE OF ANSWERING WAS
11-26-10 BUT THE DISTRICT COURT JUDGE KENNELLY AND MAGISTRATE JUDGE DENLOW ALLOWING
THE DEFENDANTS ATTORNEY, DAVID CONDRON TO ENTER AN INCOMPLETE ANSWER AS PRESCRIBED BY
F.R.C.P. 12(b) AFTER THE DUE DATE AND ENTERED IT 11-29-10. THE DEFENDANTS NON-COMPLIANCE
TO THE UNITED STATES DUTIES OF RULING BY THE FEDERAL RULES AND CIVIL PROCEDURES NOR
ANY OTHER APPLICABLE STATUES.   FAILING TO ENFORCE THE EXECUTION OF SUMMON AND COMPLAINT
AGAINST SUPERINTENDENT DANIEL MCREA UNTIL 4 MONTHS LATER WHO NEVER ENTERED A SUCH DELAY
OF SERVING OR EXECUTING SUCH ORDERS WHO ONLY IS EXCUSED IF THE PERSON OR PERSONS ARE
CALLED AWAY TO DUTIES OF THE UNITED STATES ARMY OR MILITARY DUTIES. AFTER BRINGING IT
TO THE ATTENTION TO THE DISTRICT COURT AS RECORDED IN CLERK OFFICE, JUDGE KENNELLY AND MA-
GISTRATE JUDGE DENLOW CONTINUED TO ERRONEOUSLY AND MANICIOUSLY AID THE COOK COUNTY
SHERIFF DEFENDANTS IN CASE NO. 10 CV 2088 AS THE SAME PARTICIPATION OF DEPRIVING THE
HIS RIGHTS OF ENTITLEMENT TO RECOVER IN FULL PAYMENT OF GRANTED RELIEF DECEMBER 31, 2009
AND IN CASE NO. 09 CV 5438 AND ENTITLED RIGHTS TO ENTER JUDGEMENT IN FAVOR OF THE
PLAINTIFF IN CASE NO. 10 CV 2088 FOR DEFAULT AND JUDGEMENT FOR RELIEF SOUGHT BY CONSPIRED
ACTS OF JUDGE KENNELLY AND MAGISTRATE JUDGE DENLOW THERE JUDICIAL MISCARRIAGE OF JUSTICE
AND VIOLATIONS OF DUE PROCESS OF FEDERAL AND STATE LAW, WHICH THERE'S NO! IMMUNITY FOR THE
DEFENDANTS INFRINGEMENT OF JUDICIAL UNITED STATES DUTIES OF THE DISTRICT COURT TO COMPLY
BY THE FEDERAL RULES AND CIVIL PROCEDURES AND ANY OTHER APPLICABLE STATUES THAT ENFORCES
F.R.C.P. 12(b)., 16(e)(f.), 37(b)(2), 60(b), AND RULE 69 FOR GRANTED RELIEF AND FOR ENTITLED TO
RECOVER RELIEF SOUGHT IN CASE NO. 10 CV 2088/11-1099, WHO'S ALSO LACKING TO PREVENT, CORRECT AND TAKE
DISCIPLINARY REMEDIAL MEASURES AGAINST JUDGE KENNELLY AND MAGISTRATE JUDGE DENLOW.

IN WHICH ALL CASES OF THE PLAINTIFFS NEED EXTRAORDINARY ACTION OF INVESTIGATION THE DEFENDANTS JUDGE KENNELLY, MAGISTRATE JUDGES COLE AND DENLOW IN CASES No. 09CV5438, 10CV2088, 10CV5772, 10CV7775 AND 11CV0103 FOR THE GROSS NEGLIGENCE, DELIBERATE IN- DIFFERENCE OF MISCARRIAGE OF JUSTICE CARRIED OUT AND BAD FAITH, WILLINGNESS OF FAILING TO PERFORM THEIR UNITED STATES JUDICIAL DUTIES. ALSO CARRIED OUT IN CASE No. 10 CV 5772 WHERE VIOLATIONS OF DUE PROCESS BY FEDERAL RULES AND CIVIL PROCEDURES OF THE UNITED STATES SUPREME COURT WHERE JUDGE KENNELLY THE DISTRICT COURT PRESIDING IN CASE No. 10CV5772, AFTER THE PRO-SE, PLAINTIFF WHO'S NUMEROUSLY REQUEST FOR APPOINTMENT OF COUNSEL PRESCRIBED BY THE CRIMINAL JUSTICE ACT OF 1964, 18 USC§3006(A) BUT DENIED IN EVERY CASE BEFORE THE DEFENDANTS. WHERE THE PLAINTIFF HAD NO! EXPERIENCE BUT CONTINUE TO LEARN A LITTLE BY LITTLE HAS ENTERED MULTIPLE CLAIMS. THE SAME WAY OF NUMEROUS DEFENDANTS CASUAL CONNECTION OF DEPRIVATION OF CONSTITUTIONAL RIGHTS WHERE F.R.C.P. 8(a)(2) PRESCRIBES THE MAXIUM BY LAW OF NUMEROUS DEFENDANTS., WHICH JUDGE KENNELLY ENTERED AN ERRONEOUS AND MALICIOUS EVIL INTENT OF MISCARRIAGE OF JUSTICE BY FIRST DISMISSAL THE PLAINTIFF COMPLAINT JANUARY 11, 2011 FOR SHORT AND PLAIN CLAIM OF COMPLAINT FAILING TO EXPLAIN WHY? 10 PAGES OF COMPLAINT IS TO LENGTHY NOR TENDERING THE RULES OF THE DISTRICT COURT AS REQUESTED. SECONDLY DEFENDANTS JUDGE KENNELLY AND MAGISTRATE JUDGE DENLOW WHO ALLOWED VIOLATIONS OF DUE PROCESS TO BE CARRIED OUT AFTER THE PLAINTIFF ENTERED A NOTICE OF APPEAL DATED JAN 7, 2011, IN WHICH THE DEFENDANTS BEING THE ILLINOIS DEPARTMENT OF CORRECTIONS WHO'S HE IN THE CUSTODY OF FAILURE TO ENFORCE THAT THE PLAINTIFF RECEIVE APPEAL FORMS TO MEET DEADLINES OF THE COURT OF APPEALS, WHICH THE PLAINTIFF NOTIFIED THE JUDGES BEING THE DEFENDANTS OF 3 ASSAULTED INCIDENTS, NO! MEDICAL, DELIBERATE INDIFFERENCE OF ACCESS TO COURT ALSO TO FURTHER REDRESS EVENTS AND ISSUES OF DEPRIVATION OF CONSTITUTIONAL PROVISIONS IN STATEVILLE CORRECTIONAL CENTER FOR 11 MONTHS NRC 24 HRS LOCK DOWN, FAILING TO TRANSFER BEING ELIGIBLE, DENIED MEDICAL AND DENTAL TREATMENT, UNHEALTHY LIVING ENVIRONMENT AND CONDITIONS AND RELIGIOUS PREJUDICE AGAINST THE PLAINTIFFS SPECIAL VEGAN DIET TRAYS.

(12.)

WHERE THE JUDGE KENNELLY MALICIOUSLY ENTERED ERROREOUS JUDGEMENT DATED IN THE DISTRICT COURT ON JANUARY 11, 2011 OF DISMISSAL AND 58 RULE IN FAVOR OF THE DEFENDANTS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. IN WHICH JUDGE KENNELLY HAD NO! AUTHORITY TO VACATE NOR DISMISS THE PLAINTIFF'S CLAIM BY F.R.C.P 8(a) OR ANY OTHER STATUES UNLESS THERE'S REASON TO DOUBT OR THERE'S NO! MATERIAL OF FACTS AND EVIDENCE THAT SUPPORT THE PLAINTIFF'S CLAIM OF COMPLAINT. ALSO JUDGE KENNELLY HAD ABSOLUTELY NO! AUTHORITY NOR JURISDICTION IN THIS MATTER AFTER THE PLAINTIFF'S ENTERED DATE OF JANUARY 07, 2011 OF NOTICE OF APPEALS, EXPLAINING AND INFORMING THE DISTRICT COURT OF VICIOUS AND MALICIOUS ERRORS OF SEEKING TO SERIOUS HARM THE PLAINTIFF WITH THERE MISCARRIAGE OF JUSTICE, FAILURE TO PERFORM THE DEFENDANTS JUDICIAL DUTIES ACCORDING TO THE UNITED STATES SUPREME COURT.

WHEREFORE THE PLAINTIFF HOPE & PRAY THE COURT TAKE SERIOUS INVESTIGATIONAL MEASURES AND DISCIPLINARY MEASURES TO CORRECT THE DEFENDANTS MISCARRIAGE OF JUSTICE OF THE UNITED STATES AND ENTER JUDGEMENT OF 28 USC § 2101(F.) AND F.R.C.P. 60

B.R.Ell. *R00575

(13.)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**IF YOU WERE STRIP-SEARCHED DURING ADMISSION INTO THE COOK COUNTY JAIL
BETWEEN JANUARY 30, 2004 AND MARCH 30, 2009,
<u>YOU MAY BE ENTITLED TO MONEY</u>**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
*Una corte federal autorizó este aviso.*
*Esto no es una solicitación de un abogado.*

- This is to notify you of a proposed settlement of a class action lawsuit entitled *Young v. County of Cook et al.*, No. 06-CV-552. The suit involves approximately 300,000 pre-trial detainees who were strip-searched upon intake into Cook County Jail between January 30, 2004 and March 30, 2009. The Defendants are County of Cook ("County") and the Office of the Sheriff of Cook County ("Sheriff"). The County has agreed to pay $55 million. The Defendants have also agreed to assign to the Class their claims to potential additional monies from their insurers.

- All persons submitting valid claims are entitled to a share of the $55 million payment, as well as to any monies recovered from the insurers. Because the litigation with the insurers will take time, there will be an initial payment to the class members from the $55 million fund and then a second distribution if the Class recovers additional monies from the insurers. It is expected that each claimant will receive an initial payment of between $500 and $1,000 from the $55 million fund. The amount each class member receives from the $55 million may be more or less than the expected payment depending upon how many people file valid Claim Forms.

- **In order to be eligible for the initial and second payments, you <u>must</u> fill out and mail the enclosed Claim Form postmarked by January 27, 2011.** Mail the Claim Form to:

  Cook County Strip Search Settlement
  c/o Rust Consulting, Inc.
  P.O. Box 24660
  West Palm Beach, FL 33416

| WHAT YOU CAN DO | WHAT IT MEANS | DEADLINE |
|---|---|---|
| Submit a claim form | This is the <u>only</u> way to get the initial payment from the $55 million fund or to get the second payment in the event the Class recovers more money from the insurers. | Postmarked by: January 27, 2011 |
| Exclude yourself | Get no payment. This is the only option that allows you to be a part of any other lawsuit against Defendants about the same claims in this case. | Received by: January 27, 2011 |
| Object | Remain a class member but write to the Court about why you don't like the Settlement. | Received by: January 27, 2011 |
| Go to a Hearing | Ask to speak in Court about the fairness of the Settlement. | Received by: January 27, 2011 |
| Do Nothing | Get no payment. Give up legal rights to sue Defendants for the same claims in this case. | |

Your legal rights and options, **and the deadlines to exercise them,** are explained below. Your legal rights are affected, whether you act or don't act. Read this notice carefully.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (non sin costo) o visite www.cookcountystripsearch.com    1

APPEAL, COLE, PC, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.0.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:09-cv-05438
## Internal Use Only

Ellison v. Sheriff of Cook County et al
Assigned to: Honorable Matthew F. Kennelly
Case in other court:        10-01934

                          10-01972

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/02/2009
Date Terminated: 02/02/2010
Jury Demand: None
Nature of Suit: 555 Civil Rights (Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Bennie Keith Ellison**            represented by **Bennie Keith Ellison**
R-00575
Stateville - STV
P.O. Box 112
Joliet, IL 60434
PRO SE

V.

**Defendant**
**Sheriff of Cook County**

**Defendant**
**Cook County Illinois**

**Defendant**
**Todd H. Stroger**
*Cook County President*

**Defendant**

Page 1 of 9

**Thomas Dart**
*Cook County Sheriff*

<u>**Defendant**</u>

**Salvador Godinez**
*Director, Security*

<u>**Defendant**</u>

**Gilberto Romero, Jr**
*Asst. Director, Security*

<u>**Defendant**</u>

**Daniel Brown**
*Director, Superintendant*

<u>**Defendant**</u>

**Scott Kurtovich**
*First Asst. Executive Director ADM*

<u>**Defendant**</u>

**Thomas Kleist**
*Asst. Executive Director ADM*

**Service List**                           represented by **Prisoner Correspondence - Internal Use Only**
Email:
Prison1_ILND@ilnd.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2009 | 1 | COMPLAINT filed by Bennie Keith Ellison; Filing fee $ 350. (Exhibits)(Poor Quality Originals - Paper Document on File.) (kj, ) (Envelope postmarked 8/26/09 and 8/28/09) Modified on 9/4/2009 (aew, ). Modified on 9/4/2009 (kj, ). (Entered: 09/03/2009) |
| 09/02/2009 | 2 | CIVIL Cover Sheet. (kj, ) (Entered: 09/03/2009) |

Page 2 of 9

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

December 31, 2009

*By the Court:*

| | |
|---|---|
| No.: 09-4042 | BENNIE K. ELLISON,<br>Plaintiff - Appellant<br><br>v.<br><br>COOK COUNTY SHERIFF, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 1:09-cv-05438<br>Northern District of Illinois, Eastern Division<br>District Judge Matthew F. Kennelly | |

*[handwritten: PRE-TRIAL, ORDER RULE 69, 28 USC's 2101 (f)]*

Upon consideration of the **MOTION FOR RELIEF** filed on December 28, 2009, by the pro se appellant,

**IT IS ORDERED** that the motion is **GRANTED** to the extent that the appellant shall either pay the required appellate fees or file a motion to proceed on appeal in forma pauperis with the clerk of the district court by January 29, 2010. Also, the appellant shall file the required docketing statement with the clerk of this court by January 29, 2010.

*[handwritten: PRE-TRIAL ORDERS CONTROL PARTIES F.R.C.P. 16(e)(f), 37(b)(2) AND RULE 69, 28 USC's 2101]*

*[handwritten: (f)]*

form name: c7_Order_BTC (form ID: 178)

*[handwritten: Appx. A]*

| | | |
|---|---|---|
| | | Ellison. (kj, ) (Entered: 12/17/2009) |
| 12/18/2009 | 29 | MOTION by Plaintiff Bennie Keith Ellison to show authority of officials. Notice. (Exhibits) (Poor Quality Original - Paper Document on File.) (kj, ) (Entered: 12/22/2009) |
| 12/18/2009 | 30 | AMENDED complaint by Bennie Keith Ellison against Daniel Brown, Cook County Illinois, Thomas Dart, Salvador Godinez, Thomas Kleist, Scott Kurtovich, Gilberto Romero, Jr, Sheriff of Cook County, Todd H. Stroger. Notice. (kj, ) (Entered: 12/22/2009) |
| 12/31/2009 | 31 | CERTIFIED copy of order dated 12/31/09 from the 7th Circuit regarding notice of appeal 25 ; Appellate case no. : 09-4042 ; IT IS ORDERED that the motion is GRANTED to the extent that the appellant shall either pay the required appellate fees or file a motion to proceed on appeal in forma pauperis with the clerk of the district court by January 29, 2010. Also, the appellant shall file the required docketing statement with the clerk of this court by January 29, 2010. (kj, ) (Entered: 12/31/2009) |
| 12/31/2009 | 32 | CERTIFIED copy of order dated 12/31/09 from the USCA regarding notice of appeal 25 ; Appellate case no. : 09-4042. The following is before the court: Motion to Proceed on Appeal In Forma Pauperis, filed on December 31, 2009, by the pro se appellant. The pro se appellant has erroneously filed the motion for leave to appeal in forma pauperis in this court. The pro se appellant should have filed the motion in the district court in the first instance. Accordingly, IT IS ORDERED that the clerk of this court transfer the motion to the clerk of the district court for a ruling on the motion, along with a copy of this order. The pro se appellant is reminded that if the district court denies the in forma motion, he/she must refile the motion in this court pursuant to Fed.R.App.P.24. (cdy, ) (Entered: 01/04/2010) |
| 01/04/2010 | 33 | MINUTE entry before Honorable Matthew F. Kennelly: Plaintiff's motion to appeal in forma pauperis, which was filed in the court of appeals and then referred to this court for initial decision' is denied. The appeal is frivolous, as plaintiff is attempting to appeal from a non-final order. The Clerk is directed to transmit a copy of this order to the United States Court of Appeals for the Seventh Circuit. Mailed notice. (kj, ) (Entered: 01/05/2010) |
| 01/04/2010 | | (Court only) FORWARDED copy of minute order dated 1/4/2010 to United States Court of Appeal. (kj, ) (Entered: 01/05/2010) |
| 01/07/2010 | 34 | TRANSMITTED to the USCA for the 7th Circuit the long record on appeal 25 (USCA no. n/a). (gej, ) (Entered: 01/07/2010) |
| 01/13/2010 | 35 | LETTER from Bennie Ellison. (kj, ) (Entered: 01/15/2010) |
| 01/26/2010 | 36 | CERTIFIED copy of order dated 1/26/2010 from the 7th Circuit regarding notice of appeal 25 ; Appellate case no. : 09-4042; IT IS ORDERED that the clerk of this court endorse and send the CHECK to the clerk of the district |

✓
F.R.C.P.
69

PRE-TRIAL
ORDER
F.R.C.P 69

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

January 26, 2010

| | BENNIE K. ELLISON,<br>Plaintiff - Appellant |
|---|---|
| No.: 09-4042 | v. |
| | COOK COUNTY SHERIFF, et al.,<br>Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 1:09-cv-05438<br>Northern District of Illinois, Eastern Division<br>District Judge Matthew F. Kennelly |

The following is before the court:

**1. CHECK IN THE AMOUNT OF $455.00,** received by this court on
January 26, 2010. Accordingly,

**IT IS ORDERED** that the clerk of this court endorse and send the CHECK to
the clerk of the district court.

form name: **c7_Order_to_endorse** (form ID: 214)

APPX. A

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

February 3, 2010

*By the Court:*

| | |
|---|---|
| BENNIE K. ELLISON, <br>       Plaintiff-Appellant, <br><br> No. 09-4042        v. <br><br> COOK COUNTY SHERIFF, et al., <br>       Defendants-Appellees. | ] Appeal from the United <br> ] States District Court for <br> ] the Northern District of <br> ] Illinois, Eastern Division. <br> ] <br> ] No. 1:09-cv-05438 <br> ] <br> ] Matthew F. Kennelly, <br> ]      Judge. |

Upon consideration of the **QUESTION OF FACTS, MATERIAL EVIDENCE,,** filed on January 28, 2010, by the pro se appellant,

**IT IS ORDERED** that the motion is **GRANTED** to the extent that the appellant shall file both a brief memorandum explaining why he contends that the district court's denial of leave to proceed on appeal in forma pauperis is erroneous* and an asset affidavit by no later than March 31, 2010. Failure to either pay the required $455.00 in appellate fees or file both the memorandum and the asset affidavit by the due date will result in dismissal of this appeal for failure to prosecute

\* NOTE: The document should be titled "MEMORANDUM IN SUPPORT OF PLRA MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS."

*Appx. A*



14 Chicago Central 606
FRI 06 AUG 2010 PM



**The Exoneration Project**
UNIVERSITY OF CHICAGO LAW SCHOOL
6020 S. University Avenue • Chicago, Illinois 60637
312 N. May Street, Suite 100 • Chicago, Illinois 60607
Telephone 312.243.5900 • Facsimile 312.243.5902

CONFIDENTIAL LEGAL CORRESPONDENCE
Bennie Ellison
Reg. No. R00575
Stateville Correctional Center
16830 So. Broadway St.
P.O. Box 112
Joliet, Il 60434



United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 5750 | DATE | [illegible] |
| CASE TITLE | Bruno Dassow (#2009-0017821) v. Sheriff of Cook County, et al. |

DOCKET ENTRY TEXT:

Plaintiff's motions for reconsideration of the Court's order of March 25, 2010 [##73, 79] dismissing his case for failure to state a claim upon which relief can be granted are denied.

STATEMENT

Plaintiff has moved for reconsideration of the Court's order of March 25, 2010, dismissing the case for want of prosecution. He has filed two motions, labeled differently, but which the Court construes as motions to reconsider. Plaintiff's motions are, in essence motions for relief of judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for six separate grounds for relief from judgment including: 1) mistake, inadvertence surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied; or 6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

The Court has carefully reviewed Plaintiff's motions. The first [#79] essentially argues with the Court's legal reasoning. It is, in essence, a reiteration of the arguments he made in his complaint. He raises none of the six grounds available under Rule 60(b) requiring the court to reconsider the judgment order entered. However, mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than an FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . ."). The second is Plaintiff's attempt to submit additional evidence to the Court in support of his complaint, long since dismissed, and on which the appeal was dismissed for failure to pay the filing fee. For the foregoing reasons, Plaintiff's motions are denied. This case remains closed.


✓ NEXT PAGE

United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 5438 | DATE | |
| CASE TITLE | Ellison vs. Cook County | | |

**DOCKET ENTRY TEXT**

The Court denies plaintiff's "motion for new trial" [81]. The motion is frivolous. If plaintiff continues to file frivolous motions in this long-closed case, the Court will impose a sanction upon him.

Docketing to mail notices.

| | Courtroom Deputy Initials: | mk |
|---|---|---|

CLERK OF THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

BENNIE K. ELLISON
   PLAINTIFF-APPELLANT

V.

COOK COUNTY, SHERIFF
   DEFENDANTS-APPELLEES

No. 09-4042

DISTRICT COURT No. 1:09cv05438

## RECEIVED

MAY 1 1 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION OF SUBSTANTIAL EVIDENTS OF **58** PAGES
OF CONSPIRATORIAL ACTS, AGGRAVATED KIDNAPPING,
WRONGFUL CONVICTION, DUE PROCESS, NON-COMPLIANCES
TO COURT ORDERS, UNFURNISHED REPORTS, RECORDS, TRANSCRIPTS
LOGS, HRM SHEET, ASSIGNMENT OF C.C.D.O.C OFFICERS & DENIED
MOTIONS & UNFURNISHED CHICAGO POLICE DEPARTMENT REPORTS,
RECORDS, FILES & RADIOED & DISPATCHED CALL

IN PURSUANT OF FEDERAL CIVIL RULE 5 (b) (2) (B) AS PRESCRIBED IN SUBDIVISION (a)(b) AND
DUTY RULES 12 AND 14, WHICH THE PLAINTIFF-APPELLANT, BENNIE K. ELLISON HAS ALSO INCLUDED
REQUEST OF HABEAS CORPUS AND A ORDER OF WRIT FROM ANY FACILITY THE PLAINTIFF-APPELLANT,
BENNIE K. ELLISON #R00575 IS LOCATED AND THE EVIDENTS ENCLOSED AS FOLLOWING:

  a.) ORDER OF JUDGE CAROL HOWARD, DIRECTING ALL ELECTRONIC STENOGRAPHIC AND AUDIO TRANSCRIPTS
FEVERY DAY THE CASES 09 cr 0686301 AND 09 cr 0654 20 WAS UP, UNFURNISHED CHICAGO POLICE
DEPARTMENT REPORTS & RECORDS & FILES AND OTHER MISSING DISCOVERY DOCUMENTS.

  b.) SUPPLEMENT REPORTS 3 of 10, 9 of 10 & 10 of 10, JUDGE OCASIO FINDING No! PROBABLE CAUSE

  c.) GRAND JURY (SPECIAL) APRIL 7, 2009

  d.) VIOLATIONS OF DUE PROCESS COURT APPEARANCES

  e.) BRANCH "98 ALTGELD No! APPEARING ON 3-28-09 or 3-30-09

  f.) MOTION FOR PRETRIAL DISCOVERY, NOV 16, 2009 VIOLATION OF DISCOVERY

  g.) MOTION FOR APPOINTMENT OF COUNSEL NOV 16, 2009

  h.) FIRST APPEARANCE BEFORE JUDGE JOSEPH KAZMIERSKI, DATED 5-19-09, UNFURNISHED CHICAGO POLICE

| 11-1099 | Bennie K. Ellison | Transcript information sheet | 01/26/2011 |

| 11-1099 | Bennie K. Ellison | PLRA fee/mot/memo due | 02/11/2011 |

**NOTE:** This notice is issued to counsel of record, in furtherance of the revised *Circuit Rule 3(d)*, to provide necessary information regarding this appeal. Please verify this notice for accuracy. Counsel are encouraged to provide a fax and/or e-mail address to the court. If any corrections are necessary, please indicate those corrections on this notice and return it to the Clerk's Office within ten (10) days.

**THIS NOTICE SHALL NOT ACT AS A SUBSTITUTE FOR MOTIONS FOR NON-INVOLVEMENT / SUBSTITUTION OF COUNSEL. COUNSEL ARE STILL REQUIRED TO FILE THE APPROPRIATE MOTIONS.**
Important Scheduling Notice!

Notices of hearing for particular appeals are mailed shortly before the date of oral argument. Criminal appeals are scheduled shortly after the filing of the appellant's main brief; civil appeals after the filing of the appellee's brief. If you foresee that you will be unavailable during a period in which your particular appeal might be scheduled, please write the clerk advising him of the time period and the reason for such unavailability. Session data is located at http://www.ca7.uscourts.gov/cal/calendar.pdf. Once an appeal is formally scheduled for a certain date, it is very difficult to have the setting changed. See Circuit Rule 34(e).

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2088 | **DATE** | November 16, 2010 |
| **CASE TITLE** | Bennie Ellison (#R-00575) v. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions [16, 18, and 19] are denied. Plaintiff's motion seeking a copy of the docket statement in this case [#21] is granted. The Clerk is directed to mail a copy of the docket statement to Plaintiff.

■ [For further details see text below.]                                            Docketing to mail notices.

### STATEMENT

Plaintiff has submitted a pleading to the Court [#16] that seems to seek two forms of relief: 1) an extension of time to respond; and 2) leave to amend his complaint. Both motions are denied. There is no matter pending at present requiring a response from Plaintiff. Consequently, Plaintiff's request for an extension of time to respond is denied as moot. To the extent that Plaintiff is seeking leave to amend his complaint, that motion is also denied. If Plaintiff wishes to amend his complaint, he must submit the amended complaint attached to his motion for leave to amend, for the Court's evaluation pursuant to 28 U.S.C. § 1915A. The Clerk is directed to send to Plaintiff the amended civil rights complaint form and instructions for filing. Plaintiff is reminded of the Court's admonishment in its 9/23/2010 order regarding the requirements of FED. R. CIV. P. 8(a). If Plaintiff submits an amended complaint he must use the amended complaint form provided and make a short and plain statement of his claim calculated to put Defendants on notice of the claims he is making against them. If he does not, his proposed amended complaint shall be stricken. Plaintiff's motion to re-amend [#19] is also a motion to submit an amended complaint and is denied for the same reasons.

Plaintiff's motion for default judgment [#18] is denied, as well. Summonses were issued in this case on September 23, 2010. To date, no Defendant has been served, so no Defendant is required to respond. Once Defendants are served, they will have the time provided for under FED. R. CIV. P. 12(a) to file a responsive pleading.

Plaintiff's final motion seeks a copy of the docket statement for this case, and for another, he has pending before the Court. To the extent that Plaintiff seeks the docket statement from this case, the motion is granted. The Clerk is directed to mail to Plaintiff a copy of the docket statement in this case.

| | AWL |
|---|---|

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2088 | **DATE** | 2/8/2011 |
| **CASE TITLE** | | Ellison vs. Cook County | |

**DOCKET ENTRY TEXT**

Certain defendants' motion for extension of time is granted. Those defendants' response to the complaint is to be filed by 3/1/11.

| | Courtroom Deputy Initials: | DS |
|---|---|---|

United States District Court

Northern District of Illinois

Eastern Division

# RECEIVED

JAN 7 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BEDDIE K. ELLISON

PRO-SE, PLAINTIFF

THE ILLINOIS DEPARTMENT OF CORRECTIONS

DEFENDANTS

No. 10cv 5772

JUDGE: MATTHEW F. KENNELLY

## LATE NOTICE OF APPEALS

WHERE THE PRO-SE, PLAINTIFF, BEDDIE K. ELLISON WHO ASKED TO BE FILED LATE NOTICE OF APPEAL TO THE FEDERAL RULES AND CIVIL PROCEDURE FOR THE FOLLOWING REASONS:

1) 24 HRS. LOCK DOWN
2) STATEVILLE'S NON-COMPLIANCE TO COURT ORDERS FOR LAW LIBRARY AND DIRECT LEGAL CALLS PRIVILEGES 3 DAYS A WEEK.
3) REFUSAL TO TRANSFER, BEING ELIGIBLE FOR 9 MONTHS.
4) AND THE CASUAL COLLECTION OF CONSPIRATORIAL AND RETALIATION TO STOP! ME AND HARM ME SERIOUSLY.
5) NEED COURT ORDER, CLSD. THE LAW LIBRARY 12/5/10 AFTER SCHEDULED DELIVER BUILD IT.

B.K. Elli + R00505

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5772 | **DATE** | January 11, 2011 |
| **CASE TITLE** | Bennie K. Ellison (R-00575) vs. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

The complaint is dismissed. The Clerk is instructed to enter a Rule 58 Judgment in favor of Defendants against Plaintiff. Case complete.

■[ For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

Plaintiff Bennie K. Ellison has submitted a *pro se* first amended complaint against thirteen Defendants raising various claims regarding his imprisonment at the Stateville Correctional Center. (Dkt. No. 14). Plaintiff's initial complaint was dismissed by this Court because it failed to satisfy the "short and plain statement" requirement of Rule 8(a) as explained by *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Plaintiff's present complaint equally fails to the meet these requirements. It alleges a host of unrelated claims arising from Plaintiff's incarceration at Stateville including: (1) failure to treat a lump in his left breast; (2) inadequate food portions resulting in significant weight loss; (3) losing legal cases because of a lack of law library access as well as a lack of grooming products that affected his appearance at court; (4) exposure to rodents and insect and a corresponding lack of cleaning supplies; (5) failure to protect for assaults; (6) excessive force by correctional officers; (7) lack of religious accommodations; (8) lack of telephone access; and (9) retaliation by prison officials.

Plaintiff present complaint shows a disregard for this Court's previous order instructing him to comply with Rule 8 and *George*. He is an experience litigant who has brought suit in five case over the past three years. *Ellison v. Illinois*, No. 07 C 2296 (N.D. Ill.) (Norgle, J.); *Ellison v. Sheriff of Cook County*, No. 09 C 5438 (N.D. Ill.) (Kennelly, J.); *Ellison v. Cook County Sherriff*, No. 10 C 2088 (N.D. Ill.) (Kennelly, J.); *Ellison v. Illinois Dep't of Corr.*, No. 10 C 5772 (N.D. Ill.) (Kennelly, J.); *Ellison v. Illinois Dep't of Corr.*, No. 10 C 7775 (N.D. Ill.) (Kennelly, J.). It is well established that pro se parties are required to follow procedural rules like any other party. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106 (1993)).

The Court recognizes that it should "freely give leave" to a Plaintiff to file an amended complaint under Rule 15(a)(2), but this is not an unlimited right, and leave to amend is properly denied when Plaintiff shows "bad faith" or continued efforts at amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bausch v. Stryker Corp.*, ___ F.3d ___, No. 09-3434, 2010 WL 5186062, at *14 (7th Cir. Dec. 23, 2010) (citations omitted); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998). Plaintiff's original complaint woefully flunked Rule 8(a) and *George* and his present proposed complaint is equally unsatisfactory. His failures have convinced the Court that he is unable or unwilling to meet these requirements and providing him an additional opportunity to submit a proposed complaint would be futile. The complaint is dismissed. The Clerk is instructed to enter a Rule 58 Judgment in favor of Defendants against Plaintiff. Case complete.

---

<u>CERTIFICATE OF SERVICE</u>

WHERE THE PRO-SE, PLAINTIFF, BENNIE K ELLISON #R00575 WHO SWEAR UNDER PENALTY OF PERJURY AND FEDERAL RULES 29, 33.2 & 28 USC§ 1746. THAT I'VE CAUSED TO BE FILED IN THE <u>UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION</u> (6) MOTIONS OF COMPLAINT, <u>LEAVE TO DO SO IN FORMA PAUPERIS AND APPOINTMENT OF COUNSEL, CRIMINAL JUSTICE ACT OF 1964, 18 USC§ 3006(A)</u> WHICH THE ATTACHED DOCUMENTS INCLUDE MATERIAL OF FACTS AND EVIDENCE WITH NOTICE OF FILING BY PLACING INTO TRUE AND CORRECT ENVELOPE WITH AFFIXED PROPER FIRST CLASS POSTAGE STAMP FOR DEPOSIT IN THE U.S. POSTAL MAIL THROUGH THE ILLINOIS DEPARTMENT OF CORRECTIONS "INTERNAL MAIL SYSTEM" AT STATEVILLE CORRECTIONAL CENTER AND BY PLACING INTO THE HANDS OF UNIT IN CORRECTIONAL OFFICERS, WHO'S TO PLACE INTO THE HANDS OF NRC MAILROOM OFFICERS HAND OF MICHAELER & BOER WHO IS TO MAIL THE ENVELOPE ON THIS <u>8TH</u> DAY OF <u>MARCH</u>, <u>2011</u>.

- DEMAND FOR JURY TRIAL WITH APPOINTMENT
  OF COUNSEL. -

NOTARIZED, PURSUANT TO 28 USC§ 1746
UNDER PENALTY OF PERJURY, ON THIS <u>8TH</u>
DAY OF <u>MARCH</u>, <u>2011</u>.

BK Ellison #R00575
STATEVILLE CORRECTIONAL CENTER
P.O. BOX 112
JOLIET, IL 60434