# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1764 (App. No. 11-1956) | **DATE** | May 10, 2011 |
| **CASE TITLE** | Bennie K. Ellison (#R-00575) vs. United States Judicial Exec. & Admin. Operations, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for an extension of time [#12] is granted. The plaintiff is granted an enlargement of time until June 27, 2011, to pay the appellate filing fees of $455.00. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action against district and magistrate judges of this district over the way they handled several of his prior lawsuits. By Minute Order of March 22, 2011, the court granted the plaintiff's motion to proceed *in forma pauperis* but summarily dismissed the complaint on initial review pursuant to 28 U.S.C. § 1915A. By Minute Order of April 26, 2011, the court denied the plaintiff's post-judgment motions.

The plaintiff has filed a notice of appeal from the final judgment and seeks an extension of time in which to pay the appellate docket fees. The motion is granted only to the extent that the plaintiff will be given sixty days to pay the full fee. The plaintiff may not pay the filing fee in installments.

The plaintiff has not sought leave to appeal this case *in forma pauperis*, and the court finds that he is not entitled to do so. For the reasons stated in the court's dismissal order, the court finds that this action does not raise a substantial issue meriting appellate review. It is firmly established that judicial officers are immune from suit for acts and decisions made in their judicial capacity. As the plaintiff has raised no viable grounds for reversal in his notice of appeal, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. When a suit is found to be frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). Under the
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. The plaintiff may not pay the appellate docketing fees in installments as he requests.

In sum, the plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee by June 27, 2011. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.